# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STEWART,<br><br>    Plaintiff,<br><br>  v.<br><br>A. CALDERON, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-01464-AWI-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Doc. 1) |

    Plaintiff Michael Stewart ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 2, 2006.

    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

///

1   Inmates must submit appeals "within 15 working days of the event or decision being
2   appealed . . . ." Cal. Code Regs., tit. 15 § 3084.6(c). The event at issue in this action allegedly
3   occurred on or around September 29, 2005, and plaintiff submitted an inmate appeal on November
4   17, 2005. (Doc. 1, pgs. 2, 20.) Plaintiff's inmate appeal was screened out as untimely on December
5   15, 2005. (Id., pg. 32.) Plaintiff challenged the screening decision and it was upheld on March 14,
6   2006. (Id., pg. 28.) Plaintiff then attempted to submit the appeal to the Director's Level for review
7   but it was returned to him on May 19, 2006, because there was no second level response. (Id., pg.
8   18.)

9   "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought
10  in court." Jones v. Bock, 127 S.Ct. 910, 918-19 (2007) (citing Porter, 435 U.S. at 524). "Proper
11  exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural
12  rules . . . ." is required, Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by
13  filing an untimely or otherwise procedurally defective . . . appeal," id. at 2382. In this instance,
14  plaintiff did not file his appeal within fifteen working days of the incident of alleged excessive force
15  and his appeal was screened out as untimely. This constitutes a failure to exhaust. Id. Because it
16  is clear from the face of plaintiff's complaint that he did not exhaust the available administrative
17  remedies prior to filing suit, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune,
18  315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds
19  for dismissal . . . .").

20  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without
21  prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claim
22  prior to filing suit.

23  These Findings and Recommendations will be submitted to the United States District Judge
24  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
25  **days** after being served with these Findings and Recommendations, plaintiff may file written
26  objections with the court. The document should be captioned "Objections to Magistrate Judge's
27  Findings and Recommendations." Plaintiff is advised that failure to file objections within the
28  ///

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **April 11, 2007**              **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE