# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STEWART,<br><br>        Plaintiff,<br><br>    v.<br><br>A. CALDERON, et al.,<br><br>        Defendants. | CASE NO. 1:06-cv-01464-AWI-NEW (DLB) PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST<br><br>(Doc. 12) |

Plaintiff Michael Stewart ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On April 12, 2007, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. After obtaining two extensions of time, plaintiff filed an Objection on August 31, 2007.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

The incident of excessive force giving rise to plaintiff's claim occurred on September 29, 2005, at the California Correctional Facility ("CCI"). (Doc. 18, pg. 4.) Plaintiff was required to file an inmate appeal within fifteen working days. Cal. Code Regs., tit. 15 § 3084.5 (2007). Plaintiff was transferred from CCI to California State Prison-Calipatria on October 6, 2005, and did not

1 initiate his appeal until November 17, 2005.[1] (Doc. 18, pg. 4.)  Plaintiff's argument that he was in transit until from September 28, 2005, until December 2005, and needed documentation is unavailing.  The regulation unequivocally requires that appeals be filed within fifteen working days, and plaintiff is required to comply with the regulation.  When an inmate does not comply with the applicable procedural requirements and his appeal is subsequently rejected as untimely, the exhaustion requirement is not satisfied.  Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed April 12, 2007, is adopted in full; and
2. This action is dismissed, without prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claim prior to filing suit.

IT IS SO ORDERED.

**Dated:    September 20, 2007**             /s/ Anthony W. Ishii
                                              UNITED STATES DISTRICT JUDGE

---

[1] Although plaintiff asserts he filed an appeal on November 11, 2005, the appeal signed and dated by plaintiff bears the date November 17, 2005.  (Doc. 18, pg. 9.)  Regardless, the appeal was filed more than fifteen working days after the incident being appealed.